Achchana Ranasinghe (087282014)
Nicholas Conlon (034052013)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000 | F: (855) 582-5297
ac@jtblawgroup.com | nicholasconlon@jtblawgroup.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DERRICK ENGLISH**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**PERSANTE HEALTH CARE, INC.**,<br><br>Defendant. | Case No.<br><br>COLLECTIVE AND CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Derrick English ("Plaintiff"), whose street and post-office address is 24 Lippincott Avenue, Voorhees, New Jersey 08043, individually and on behalf of all others similarly situated, by and through his attorneys at Brown, LLC, brings this Collective and Class Action Complaint against Defendant Persante Health Care, Inc. ("Defendant" or "Persante"), whose principal-place-of-business address is 200 East Park Drive, Suite 600, Mount Laurel, New Jersey 08054, and alleges as follows upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters:

## INTRODUCTION

1. Plaintiff brings this action to recover unpaid overtime compensation arising from Persante's classification and compensation practices for salary-paid, nonmanagerial information-technology ("IT") support employees and to obtain individual relief for wage-related retaliation.

Plaintiff asserts his overtime claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, individually and on behalf of a nationwide collective pursuant to 29 U.S.C. § 216(b), and under the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a *et seq.*, individually and on behalf of a New Jersey class pursuant to Fed. R. Civ. P. 23. Plaintiff asserts his individual retaliation claims under the FLSA, 29 U.S.C. § 215(a)(3), the NJWHL, and the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1 *et seq.*, and, pled in the alternative, the New Jersey Conscientious Employee Protection Act ("CEPA"), N.J.S.A. 34:19-1 *et seq.*

2. Persante operates a nationwide sleep-management business and publicly represents that it manages more than 90 diagnostic centers across the United States and employs more than 300 specialized team members.

3. Persante supports its nationwide operations through centralized corporate functions, including information-technology support, payroll, human resources, and management functions administered from or through its Mount Laurel, New Jersey headquarters.

4. Persante employed Plaintiff as a salary-paid Help Desk Support employee and classified him as exempt from overtime compensation even though his primary duties consisted of routine, nonmanagerial help desk and IT support work performed under Persante's direction and established procedures.

5. Persante required or permitted Plaintiff to work beyond forty hours in workweeks, including weekday evenings, remote work after leaving the office, and weekend work, but did not require him to record all hours and paid him no overtime compensation.

6. On information and belief, Persante applied the same or substantially similar salary-basis, exemption, timekeeping, and overtime practices to salary-paid, nonmanagerial IT support employees throughout the United States.

7. Plaintiff questioned whether Persante would compensate required weekend work and later complained internally and to the New Jersey Department of Labor and Workforce Development about Persante's payroll practices. Within weeks of his internal payroll complaint and NJDOL filing, Persante disciplined Plaintiff, altered or formalized terms of his position, and terminated his employment.

8. Plaintiff seeks unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs, notice to a nationwide FLSA collective, certification of a New Jersey Rule 23 class, and all other relief authorized by law, without duplicative recovery under the FLSA, NJWHL, and NJWPL.

## JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

10. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the related NJWHL overtime claims of Plaintiff and the proposed New Jersey Class and Plaintiff's individual retaliation claims under the NJWHL, NJWPL, and, in the alternative, CEPA because those claims form part of the same case or controversy as the FLSA claims. The NJWHL overtime claims concern the same classification, hours, timekeeping, and compensation practices, and the retaliation claims include Persante's adverse actions after Plaintiff questioned compensation for required weekend work and challenged Persante's wage-payment practices.

11. This Court has general personal jurisdiction over Persante because Persante maintains its principal place of business and corporate headquarters in Mount Laurel, New Jersey, where its senior management directs, controls, and coordinates the company's operations.

12. This Court also has specific personal jurisdiction over Persante with respect to Plaintiff's claims because Plaintiff worked for Persante in New Jersey, Persante classified and paid him in New Jersey, the challenged overtime practices were applied to him in New Jersey, and the alleged retaliation culminated in his termination from New Jersey employment.

13. Venue is proper in this District under 28 U.S.C. § 1391(b)(1)–(2), (c)(2) because Persante resides in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Burlington County, New Jersey.

14. The NJWHL applies to the overtime claims of Plaintiff and the proposed New Jersey Class because they performed the work at issue in New Jersey and suffered the alleged wage underpayments there. The NJWHL and NJWPL apply to Plaintiff's retaliation claim because his protected activity, the challenged payroll conduct, and the adverse employment actions occurred in New Jersey.

## PARTIES

15. Plaintiff Derrick English resides at 24 Lippincott Avenue, Voorhees, New Jersey 08043, in Camden County, New Jersey.

16. Plaintiff worked for Persante as a salary-paid Help Desk Support employee at Persante's Mount Laurel office from approximately March 2024 through April 3, 2026.

17. Defendant Persante Health Care, Inc. is, on information and belief, a Delaware corporation with its principal place of business at 200 East Park Drive, Suite 600, Mount Laurel, New Jersey 08054.

18. Persante hired, supervised, assigned work to, classified, paid, disciplined, and terminated Plaintiff.

19. At all relevant times, Persante was an "employer," and Plaintiff and other salary-paid nonmanagerial IT support employees were "employees," within the meaning of the FLSA.

20. At all relevant times, Persante was an "employer," and Plaintiff and other salary-paid nonmanagerial IT support employees who worked in New Jersey were "employees," within the meaning of the NJWHL.

21. Persante controlled the compensation, exemption classifications, payroll practices, timekeeping requirements, work assignments, and employment records applicable to Plaintiff and other salary-paid nonmanagerial IT support employees.

## FACTUAL ALLEGATIONS[1]

### Defendant's Business and FLSA Coverage

22. Persante provides sleep-management and related health-care services through a nationwide network of diagnostic centers, partner facilities, employees, and technology systems.

23. On information and belief, at all relevant times, Persante was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A), with an annual gross volume of sales made or business done of not less than $500,000.

24. Persante's operations depend on interstate communications, cloud-computing services, vendor relationships, equipment, and technology systems used to support facilities and employees in multiple states.

[1] The allegations in this Complaint, unless otherwise specified, refer to the three years preceding the filing of this action through the date of final judgment for the FLSA claims and the six years preceding the filing of this action through the date of final judgment for the NJWHL overtime claims.

25. Salary-paid nonmanagerial IT support employees regularly handle computers, smartphones, network equipment, software systems, communications equipment, and other goods and materials that have moved in interstate commerce.

26. Salary-paid nonmanagerial IT support employees also use electronic communications, cloud systems, remote-access systems, vendor platforms, and other instrumentalities of interstate commerce in performing their work.

27. Plaintiff regularly used interstate communications and cloud systems, supported users and facilities in multiple states, coordinated with national vendors, and handled equipment and information moving across state lines.

28. Plaintiff and other salary-paid nonmanagerial IT support employees were employed by Persante, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

29. Persante administered its corporate IT function from or through its Mount Laurel headquarters and used that function to support its nationwide operations.

30. Persante maintained centralized authority over job titles, job descriptions, salary levels, exempt or nonexempt classifications, payroll codes, and whether salary-paid employees were required to record hours or received overtime compensation.

31. The precise number, names, work locations, job titles, compensation records, and exemption codes of the salary-paid nonmanagerial IT support employees are contained in Persante's personnel, payroll, organizational, and human-resources records and can be identified through discovery.

Defendant's Common Control Over IT Support Positions and Practices

32. Unless otherwise indicated, the allegations in this Complaint concerning salary-paid nonmanagerial IT support employees other than Plaintiff are made on information and belief based on Persante's centralized IT, personnel, payroll, organizational, job-description, classification, project-assignment, and timekeeping records and its common employment practices. Based on those records and practices, Persante employed salary-paid, nonmanagerial IT support employees throughout the United States under standardized or substantially similar job structures and employment practices.

33. These employees performed the same or substantially similar routine help desk and IT support duties under Persante's established instructions, priorities, procedures, approval requirements, and deadlines.

34. Persante determined or controlled their job descriptions, work priorities, project assignments, access permissions, equipment, approval requirements, reporting relationships, and deadlines.

35. Persante provided or controlled the computers, accounts, software, networks, ticketing systems, cloud platforms, and other tools needed to perform the work.

36. Persante recruited and onboarded salary-paid, nonmanagerial IT support employees using common or substantially similar job descriptions, compensation classifications, and operational expectations.

37. Persante paid these nonmanagerial IT support employees on a salary basis, classified them as exempt from overtime, and did not require them to accurately record all hours worked each day and each workweek.

38. Persante assigned or permitted the salary-paid nonmanagerial IT support employees to perform work outside normal business hours, including evening, remote, weekend, project, outage, and deadline-driven work.

39. Persante knew or had reason to know that these employees worked beyond forty hours because supervisors and senior management assigned the work, participated in after-hours communications and meetings, imposed deadlines, monitored deliverables, and received the benefit of the completed work.

40. Persante paid the salary-paid nonmanagerial IT support employees their fixed salaries but did not pay an overtime premium for hours worked over forty in a workweek.

41. The salary-paid nonmanagerial IT support employees did not customarily and regularly direct the work of two or more full-time employees and did not possess meaningful authority to hire, fire, promote, set compensation, discipline, or make recommendations concerning changes in employment status that were given particular weight.

42. Their primary duties did not consist of systems analysis, computer programming, software engineering, or the design and development of computer systems or programs within the meaning of 29 C.F.R. § 541.400. Their use of computers and software to perform routine support work did not make them exempt computer professionals under 29 C.F.R. § 541.401.

43. Their primary duties did not include discretion and independent judgment concerning matters of significance within the meaning of 29 C.F.R. § 541.200. They implemented assignments, resolved routine support issues, and performed work subject to management priorities, budgets, approval requirements, and project deadlines.

44. Persante nevertheless classified these employees as exempt based on their salary status, job titles, placement in the IT function, or some combination of those factors rather than their actual primary duties.

Employment, Pay, and Primary Duties

45. Persante employed Plaintiff and other employees in salary-paid, nonmanagerial IT support positions and classified them as exempt from overtime compensation.

46. Persante paid Plaintiff and other salary-paid nonmanagerial IT support employees fixed salaries through its regular payroll process. Plaintiff received approximately $80,000 per year, and Persante's centralized payroll and personnel records identify the salaries paid to the other salary-paid nonmanagerial IT support employees.

47. Persante classified Plaintiff and other salary-paid nonmanagerial IT support employees as exempt from overtime compensation and did not require them to clock in, clock out, or otherwise accurately record all hours worked each day and each workweek.

48. The ordinary schedules of Plaintiff and other salary-paid nonmanagerial IT support employees generally corresponded to Persante's normal business hours, but their workloads, assignments, projects, deadlines, and support responsibilities frequently required work outside those scheduled hours.

49. Persante assigned Plaintiff and other salary-paid nonmanagerial IT support employees routine help desk and technical support tasks and determined the work they performed, the order in which it was performed, the procedures and systems they used, and the deadlines for completion.

50. Plaintiff and other salary-paid nonmanagerial IT support employees carried out those assignments by following Persante's established instructions, ticket assignments, access permissions, project plans, and approval requirements to respond to routine requests, set up or

replace user devices, update accounts and records, maintain equipment, and complete recurring support tasks.

51. When Persante assigned projects or operational work, Plaintiff and other salary-paid nonmanagerial IT support employees performed discrete implementation, equipment-handling, documentation, and support steps selected and directed by management. They did not determine the projects' scope, objectives, budgets, business priorities, or deadlines.

52. Persante monitored and controlled the work through supervisors, ticketing systems, project lists, meetings, status requests, deadlines, and deliverables, and required Plaintiff and other salary-paid nonmanagerial IT support employees to escalate purchases, staffing issues, policy decisions, and other significant matters to managers or employees with approval authority.

53. Plaintiff and other salary-paid nonmanagerial IT support employees did not possess authority to hire, fire, set compensation, establish corporate policy, commit company funds, approve significant purchases, or make employment recommendations that carried particular weight.

54. Plaintiff and other salary-paid nonmanagerial IT support employees did not customarily and regularly direct the work of two or more full-time employees or the equivalent and did not manage a recognized department or subdivision as their primary duty.

55. Plaintiff and other salary-paid nonmanagerial IT support employees could resolve routine support matters and recommend equipment or technical solutions, but significant purchases, staffing decisions, budgets, policies, and matters of business significance remained subject to management priorities, approval requirements, and the authority of other employees.

56. Plaintiff and other salary-paid nonmanagerial IT support employees were not employed as computer systems analysts, computer programmers, software engineers, or similarly skilled

workers whose primary duty was systems analysis, programming, or software design and development.

57. The primary duties of Plaintiff and other salary-paid nonmanagerial IT support employees constituted nonexempt work.

Unpaid Overtime Work

58. Plaintiff and other salary-paid nonmanagerial IT support employees worked more than forty hours in one or more workweeks during the relevant period, particularly when Persante imposed major projects, urgent support needs, outages, reporting requirements, or deadline-driven assignments in addition to ordinary support responsibilities.

59. Persante required or permitted Plaintiff and other salary-paid nonmanagerial IT support employees to complete their normal daily support duties while also performing labor-intensive migrations, implementations, equipment deployments, reporting tasks, system changes, and other projects that could not reasonably be completed within their regular schedules.

60. The additional work included remaining at work after normal business hours, continuing to work remotely after leaving the office, responding to after-hours communications and support requests, attending evening or weekend meetings, performing weekend project or reporting work, and addressing outages or other time-sensitive assignments.

61. During at least one representative workweek, Plaintiff worked his ordinary weekday schedule, remained working after normal business hours on multiple weekdays, and performed required Azure-migration work during the weekend, causing him to work more than forty hours while receiving only his fixed salary. Other salary-paid nonmanagerial IT support employees likewise worked ordinary weekday schedules and then performed additional evening, remote, or weekend work while receiving only fixed salaries.

62. Persante's senior management and supervisors expressly assigned and required Plaintiff and other salary-paid nonmanagerial IT support employees to perform after-hours and weekend work, communicated that attendance or completion was expected, imposed deadlines, and directed them to perform work when operational needs or project requirements demanded it.

63. Persante used meetings, calendar invitations, electronic communications, project lists, ticket assignments, status reports, and deliverable tracking to assign the work, monitor progress, determine what remained outstanding, and establish when the work had to be completed.

64. Managers and senior personnel participated in after-hours communications and meetings, reviewed completed work, tracked assignments and deliverables, and received the benefit of the evening, remote, and weekend work performed by Plaintiff and other salary-paid nonmanagerial IT support employees.

65. Because Persante did not require Plaintiff and other salary-paid nonmanagerial IT support employees to record all of their hours, the after-hours and weekend work was omitted from Persante's timekeeping and payroll records even when management assigned, observed, monitored, or accepted the work.

66. On information and belief, Persante required recurring weekend reports and other assignments to be performed outside normal business hours when the underlying data, operational needs, or project deadlines required the work to occur during evenings or weekends.

67. When Plaintiff questioned whether one such weekend assignment would be compensated and objected to performing required weekend work without additional pay, management responded that there would be no additional compensation "right now" and nevertheless continued to expect the work to be completed. Plaintiff's complaint was sufficiently

clear and detailed for a reasonable employer to understand it as an assertion of rights to overtime compensation under the FLSA and the NJWHL.

68. That response was consistent with Persante's broader practice of treating the fixed salaries paid to Plaintiff and other salary-paid nonmanagerial IT support employees as compensation for all hours worked, regardless of the number of hours worked in a workweek. Plaintiff and other salary-paid nonmanagerial IT support employees, however, never agreed to, and shared no clear mutual understanding establishing, any arrangement under which their fixed salaries were intended to compensate all hours worked regardless of the number of hours worked; rather, their fixed salaries compensated their regularly scheduled workweeks of not more than forty hours.

69. Persante had actual or constructive knowledge of Plaintiff's overtime work because managers assigned it, communicated with him while it was being performed, monitored progress, required status meetings or reports, and received completed work. Persante likewise had actual or constructive knowledge of overtime work performed by other salary-paid nonmanagerial IT support employees because managers assigned, monitored, and received the benefit of that work.

70. Despite this knowledge, Persante paid Plaintiff and other salary-paid nonmanagerial IT support employees no overtime premium for their hours worked over forty in a workweek.

<u>Defendant's Records, Knowledge, and Willfulness</u>

71. Persante treated salary status as eliminating the need to track hours or pay overtime for Plaintiff and other salary-paid nonmanagerial IT support employees.

72. On information and belief, Persante did not provide Plaintiff and other salary-paid nonmanagerial IT support employees with accurate written policies explaining their overtime

classifications, procedures for reporting overtime, or mechanisms for recording hours worked beyond their regular schedules.

73. On information and belief, Persante required hourly personnel to record time and paid overtime to at least some hourly employees.

74. Persante therefore understood the distinction between hourly nonexempt treatment and salary-paid exempt treatment, yet did not record or pay overtime for Plaintiff and other salary-paid nonmanagerial IT support employees.

75. Persante possessed schedules, calendar invitations, help desk and ticketing records, cloud-system activity records, electronic communications, project assignments, payroll records, job descriptions, organizational charts, and other information capable of showing when Plaintiff and other salary-paid nonmanagerial IT support employees worked and whether they were properly classified.

76. Persante failed to make, keep, and preserve accurate records of all hours worked by Plaintiff and other salary-paid nonmanagerial IT support employees as required for nonexempt employees by 29 C.F.R. § 516.2.

77. Persante failed to reconcile the records it possessed or otherwise ensure that all compensable work was recorded and paid.

78. Persante's violations were willful because Persante knew or showed reckless disregard for whether salary status alone established an exemption, knowingly required or permitted off-hours work, directly discussed the absence of compensation, and, on information and belief, failed to investigate or correct its classification and pay practices.

Plaintiff's Protected Activity and Termination

79. In early 2026, Plaintiff learned that Persante had failed to withhold certain insurance deductions during multiple pay periods and intended to recover the missed deductions through a substantial catch-up deduction from one paycheck.

80. Plaintiff asked Persante to spread the recovery over multiple pay periods and requested an itemized accounting, confirmation of the amount claimed, the written basis for recovering the entire amount from one paycheck, and an explanation of how the correction would be handled given the pre-tax nature of the deductions.

81. On March 18, 2026, Plaintiff submitted a written request to Persante's Human Resources department and asked for the requested documentation by March 19, 2026.

82. Persante processed the catch-up deduction before providing Plaintiff with the requested written explanation and documentation.

83. Plaintiff filed a wage complaint with the New Jersey Department of Labor and Workforce Development concerning Persante's recovery method and payroll handling. The matter was assigned Confirmation No. 373170.

84. On March 20, 2026, Plaintiff supplemented his NJDOL complaint after reviewing Persante's response and pay records. Plaintiff acknowledged that the arithmetic generally appeared to reflect missed deductions but asked NJDOL to determine whether Persante's method of recovering the amount in one paycheck, after his dispute and before providing documentation, complied with New Jersey wage-payment requirements.

85. Persante knew of Plaintiff's internal complaint.

86. Shortly after Plaintiff's protected activity, Persante formalized discipline arising from a March 18 workplace disagreement, presented Plaintiff with a new or newly formalized job

description, insisted that the position was fully on-site, and withdrew or restricted remote-work flexibility that Plaintiff had previously used with management approval.

87. The discipline did not fully identify the context or a witness whom Plaintiff contends observed the underlying interaction. Plaintiff signed the warning and submitted a written rebuttal disputing Persante's characterization.

88. Persante told Plaintiff that the new job description would be reviewed with him, but that review did not occur before his termination.

89. On April 3, 2026, less than three weeks after Plaintiff's written internal complaint and approximately two weeks after his NJDOL filing, Persante terminated Plaintiff.

90. Persante asserted that Plaintiff had refused to do as instructed, that his behavior had not changed, and that he refused to sign the job description. Plaintiff disputes those explanations and alleges that they were pretextual or, at a minimum, were not the true and complete reasons for the termination.

91. The close temporal proximity, escalation of discipline and employment changes after Plaintiff questioned compensation for required weekend work and challenged Persante's payroll practices, Persante's knowledge of Plaintiff's complaints, and the disputed explanations for termination support the inference that Persante terminated Plaintiff because of his protected activity.

92. Persante's termination caused Plaintiff to lose wages, benefits, and employment opportunities.

## COLLECTIVE ACTION ALLEGATIONS

93. Plaintiff brings Count I as a collective action under 29 U.S.C. § 216(b) on behalf of himself and the Nationwide Collective.

94. The Nationwide Collective is defined as:

> *All persons employed by Persante Health Care, Inc. in the United States during the three years preceding the filing of this action through final judgment in salary-paid, nonmanagerial IT support positions that Persante classified as exempt from overtime compensation.*

95. Plaintiff reserves the right to amend the definition of the Nationwide Collective based on discovery and the job functions, payroll codes, organizational records, and actual duties revealed by Persante's records.

96. Plaintiff and the Nationwide Collective Members are similarly situated because they worked in salary-paid, nonmanagerial IT support positions and share the same or substantially similar core support duties, exempt classifications, absence of complete timekeeping, centralized payroll administration, and overtime-compensation practices.

97. Questions of law and fact common to Plaintiff and the Nationwide Collective include whether their actual primary duties satisfied any FLSA exemption; whether Persante required, permitted, knew of, or had reason to know about work exceeding forty hours; whether Persante failed to maintain accurate records of their hours; whether Persante failed to pay required overtime compensation; and whether Persante acted willfully.

98. Persante's liability can be established through common evidence, including job descriptions, organizational charts, payroll and exemption codes, salary records, timekeeping policies, help desk and ticketing records, project assignments, after-hours communications, and centralized classification decisions.

99. Plaintiff's claims are similar to those of the Nationwide Collective because he worked in a salary-paid, nonmanagerial IT support position, was classified as exempt from overtime, was

not required to accurately record all hours, performed nonmanagerial IT support duties, and experienced the challenged classification and overtime practices.

100. The Nationwide Collective is identifiable from objective job-title, job-function, salary-pay, exemption-classification, geographic, and temporal criteria contained in Persante's records.

101. Persante can provide the names, last known addresses, personal email addresses, telephone numbers, job titles, work locations, dates of employment, pay rates, and exemption classifications of the Nationwide Collective Members, and notice should issue to permit them to file written consents to join this action.

**RULE 23 CLASS ACTION ALLEGATIONS**

102. Plaintiff brings Count II under Fed. R. Civ. P. 23(a), (b)(3) on behalf of himself and the New Jersey Class.

103. The New Jersey Class is defined as:

> *All persons employed by Persante Health Care, Inc. in New Jersey during the six years preceding the filing of this action through final judgment in salary-paid, nonmanagerial IT support positions that Persante classified as exempt from overtime compensation.*

104. The New Jersey Class is ascertainable from objective criteria contained in Persante's personnel, payroll, organizational, job-title, job-function, work-location, salary-basis, exemption-classification, and employment-date records.

105. On information and belief, the New Jersey Class is sufficiently numerous that joinder is impracticable based on Persante's centralized personnel, payroll, organizational, and classification records and its employment of salary-paid, nonmanagerial IT support employees. The precise number of Class Members is presently unknown because Persante controls the records

needed to identify them. Plaintiff reserves the right to amend or narrow the class definition based on discovery.

106. Questions of law and fact common to the New Jersey Class include whether Persante classified the Class Members as overtime-exempt under a common or substantially similar policy; whether their actual primary duties satisfied an executive, administrative, or computer-employee exemption; whether Persante required or permitted them to work more than forty hours in a week; whether Persante failed to maintain accurate records of their hours; whether Persante failed to pay required overtime compensation; and the appropriate measure of class-wide relief.

107. Plaintiff's NJWHL overtime claim is typical of the claims of the New Jersey Class because he worked in a salary-paid, nonmanagerial IT support position in New Jersey, was classified as exempt from overtime, was not required to accurately record all hours worked, worked more than forty hours in workweeks, and received no overtime compensation.

108. Plaintiff will fairly and adequately protect the interests of the New Jersey Class. Plaintiff has no interests antagonistic to the Class and has retained counsel experienced in wage-and-hour and complex employment litigation.

109. Common questions predominate over individualized questions because liability turns principally on Persante's centralized exemption decisions, salary-pay practices, timekeeping requirements, payroll records, and policies governing salary-paid, nonmanagerial IT support employees.

110. A class action is superior to individual actions because the individual wage losses may be too small to justify separate litigation, common adjudication will conserve judicial and party resources, and class treatment will provide consistent resolution of the common issues.

111. Persante's liability and the amount of overtime compensation owed can be determined through common evidence, including personnel and payroll data, exemption codes, organizational charts, job descriptions, schedules, project and ticketing records, timekeeping policies, after-hours communications, and representative testimony.

112. Plaintiff seeks certification of the New Jersey Class, appointment as class representative, and appointment of his counsel as class counsel.

**COUNT I**

**Violation of the Fair Labor Standards Act**
**29 U.S.C. § 201 *et seq.***
**Failure to Pay Overtime Compensation**
*(On Behalf of Plaintiff and the Nationwide Collective)*

113. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

114. Plaintiff and the Nationwide Collective Members are or were employees covered by the FLSA, and Persante is or was their employer within the meaning of the FLSA.

115. Under 29 U.S.C. § 207(a)(1), Persante was required to pay Plaintiff and the Nationwide Collective Members at one and one-half times their regular rates for all hours worked over forty in a workweek unless a valid exemption applied.

116. Plaintiff and the Nationwide Collective Members did not satisfy the executive exemption because they did not customarily and regularly direct the work of two or more full-time employees or the equivalent and lacked authority to hire, fire, promote, or change the status of other employees, or make recommendations concerning such actions that were given particular weight.

117. Plaintiff and the Nationwide Collective Members did not satisfy the administrative exemption because their primary duties consisted of implementing management-directed help

desk, equipment, troubleshooting, configuration, and support assignments under established priorities and approval requirements and did not include the exercise of discretion and independent judgment concerning matters of significance. To the extent any duties related to Persante's general business operations, those duties did not satisfy the exemption's discretion-and-independent-judgment requirement.

118. Plaintiff and the Nationwide Collective Members did not satisfy the computer-employee exemption because their primary duties did not consist of systems analysis, programming, software engineering, or the design, development, testing, or modification of computer systems or programs as required by 29 C.F.R. § 541.400. Their use of computers and software to perform support work did not make them exempt computer professionals under 29 C.F.R. § 541.401.

119. Persante employed Plaintiff and the Nationwide Collective Members for more than forty hours in one or more workweeks without paying the overtime compensation required by the FLSA.

120. Persante knew or had reason to know that Plaintiff and the Nationwide Collective Members performed work exceeding forty hours because managers assigned, directed, monitored, communicated about, and received the benefit of the work.

121. Persante failed to make and preserve accurate records of all hours worked by Plaintiff and the Nationwide Collective Members.

122. Persante's violations were willful within the meaning of 29 U.S.C. § 255(a).

123. Under 29 U.S.C. § 216(b), Plaintiff and each Nationwide Collective Member who opts in are entitled to recover unpaid overtime compensation, an equal amount as liquidated damages, reasonable attorneys' fees and costs, and all other relief authorized by law.

## COUNT II

**Violation of the New Jersey Wage and Hour Law**
**N.J.S.A. 34:11-56a *et seq.***
**Failure to Pay Overtime Compensation**
(*On Behalf of Plaintiff and the New Jersey Class*)

124. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

125. Plaintiff and the New Jersey Class Members are or were employees covered by the NJWHL, and Persante is or was their employer within the meaning of the NJWHL.

126. N.J.S.A. 34:11-56a4(b)(1) and N.J.A.C. 12:56-6.1 required Persante to pay Plaintiff and the New Jersey Class Members at one and one-half times their regular hourly rates for hours worked over forty in a week unless a valid exemption applied.

127. Under N.J.A.C. 12:56-7.2, the relevant executive, administrative, and computer-employee exemption standards are defined by reference to 29 C.F.R. pt. 541.

128. For the reasons alleged above, Plaintiff and the New Jersey Class Members did not satisfy an executive, administrative, or computer-employee exemption.

129. Plaintiff and the New Jersey Class Members worked more than forty hours in one or more workweeks in New Jersey, and Persante failed to pay them the overtime compensation required by the NJWHL.

130. Persante's conduct violated the NJWHL and caused Plaintiff and the New Jersey Class Members to suffer unpaid overtime wages.

131. Under N.J.S.A. 34:11-56a25, Plaintiff and the New Jersey Class Members are entitled to recover unpaid overtime compensation, liquidated damages of up to 200 percent, reasonable attorneys' fees, costs, and other available relief, without duplicative recovery for the same injury.

## COUNT III

**Violation of the New Jersey Wage Payment Law and New Jersey Wage and Hour Law**
**N.J.S.A. 34:11-4.10, 34:11-56a24**
**Retaliation**
*(On Behalf of Plaintiff Individually)*

132. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

133. Plaintiff engaged in protected activity under N.J.S.A. 34:11-4.10 when he complained to Persante about the catch-up deduction, requested written support and an itemization, and challenged the amount and manner in which his wages were paid. Plaintiff also engaged in protected activity under or related to the NJWHL within the meaning of N.J.S.A. 34:11-56a24 and N.J.A.C. 12:56-1.7 when he informed Persante that required weekend work would be performed in addition to his ordinary weekday schedule, questioned whether he would receive compensation for that work, and objected to Persante's expectation that he perform the work without overtime pay.

134. Persante knew of Plaintiff's protected activity.

135. Persante subjected Plaintiff to adverse actions, including discipline, changes or restrictions concerning his job terms and remote-work flexibility, and termination.

136. Persante subjected Plaintiff to these adverse actions, including termination, because of his protected activity.

137. Persante terminated Plaintiff within ninety days of his NJDOL complaint, giving rise to the statutory presumption of retaliation under N.J.S.A. 34:11-4.10. Persante may rebut that presumption only by clear and convincing evidence that it acted for other permissible reasons.

138. Persante's stated reasons were pretextual, incomplete, inconsistent with the surrounding circumstances, or insufficient to overcome the inference and statutory presumption of retaliation.

139. As a direct result of Persante's retaliation, Plaintiff lost wages, benefits, and employment opportunities and suffered other recoverable damages.

140. Under N.J.S.A. 34:11-4.10 and N.J.S.A. 34:11-56a25, Plaintiff is entitled to lost wages, reinstatement or appropriate alternative relief, corrective relief, liquidated damages of up to 200 percent of wages lost due to retaliation, reasonable attorneys' fees, costs, and other relief authorized under the NJWPL and NJWHL, without duplicative recovery.

## COUNT IV

**Violation of the Fair Labor Standards Act**
**29 U.S.C. § 215(a)(3)**
**Retaliation**
*(On Behalf of Plaintiff Individually)*

141. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

142. Plaintiff engaged in activity protected by 29 U.S.C. § 215(a)(3) when he complained to Persante management that required weekend work would be performed in addition to his ordinary weekday schedule, questioned whether he would receive compensation for that work, and objected to performing the work without additional pay. Plaintiff's complaint was sufficiently clear and detailed for a reasonable employer to understand it as an assertion of rights to overtime compensation protected by the FLSA.

143. Persante knew of Plaintiff's protected activity. Management responded that there would be no additional compensation "right now" and nevertheless continued to require the work.

144. Persante thereafter subjected Plaintiff to adverse actions, including formalized discipline, withdrawal or restriction of remote-work flexibility, imposition of a new or newly formalized job description, and termination on April 3, 2026.

145. The close temporal proximity between Plaintiff's protected activity and the adverse actions, the escalation of discipline and employment changes after Plaintiff's complaints, and Persante's disputed, incomplete, or pretextual explanations support the inference that Persante would not have taken the adverse actions absent Plaintiff's protected activity.

146. Persante's retaliation was willful.

147. Under 29 U.S.C. §§ 215(a)(3) and 216(b), Plaintiff is entitled to such legal and equitable relief as may be appropriate, including lost wages and benefits, an additional equal amount as liquidated damages, compensatory damages for emotional distress, punitive damages, reinstatement or front pay, and reasonable attorneys' fees and costs.

**COUNT V**

**Violation of the New Jersey Conscientious Employee Protection Act**
**N.J.S.A. 34:19-1 *et seq.***
**Retaliation – Pled in the Alternative**
*(On Behalf of Plaintiff Individually)*

148. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

149. Plaintiff pleads this Count in the alternative to Count III and does not waive, and expressly reserves, all rights and remedies under the FLSA, the NJWHL, and the NJWPL to the fullest extent permitted by N.J.S.A. 34:19-8.

150. Plaintiff performed whistle-blowing activity protected by N.J.S.A. 34:19-3(a) and (c) when he disclosed to Persante supervisors and to the NJDOL, objected to, and refused to acquiesce in practices that he reasonably believed violated wage-and-hour and wage-payment laws,

including the requirement that he perform overtime work without compensation and Persante's recovery of disputed deductions from a single paycheck before providing the documentation he requested.

151. Plaintiff brought the challenged practices to the attention of his supervisors in writing, including his March 18, 2026, written submission to Persante's Human Resources department, and Persante had a reasonable opportunity to correct the practices.

152. Persante took retaliatory action against Plaintiff, including formalized discipline, changes or restrictions to his job terms and remote-work flexibility, and termination on April 3, 2026.

153. A causal connection exists between Plaintiff's whistle-blowing activity and Persante's retaliatory actions, as shown by the close temporal proximity, the escalation of discipline and employment changes after Plaintiff's complaints, and Persante's disputed, incomplete, or pretextual explanations.

154. As a direct and proximate result of Persante's violation of CEPA, Plaintiff lost wages, benefits, and employment opportunities and suffered emotional distress and other recoverable damages.

155. Under N.J.S.A. 34:19-5, Plaintiff is entitled to all remedies available in common-law tort actions, including reinstatement or front pay, lost wages and benefits, compensatory damages, punitive damages, injunctive relief, and reasonable attorneys' fees and costs, without duplicative recovery.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Nationwide Collective and New Jersey Class, respectfully requests that the Court:

A. Designate this action as an FLSA collective action under 29 U.S.C. § 216(b);

B. Authorize notice to members of the Nationwide Collective, direct Persante to produce their names and contact information, and permit them to join by filing written consents with the Court;

C. Certify the New Jersey Class under Fed. R. Civ. P. 23(a), (b)(3);

D. Permit Plaintiff to proceed as the representative plaintiff for the Nationwide Collective;

E. Appoint Plaintiff as the representative of the New Jersey Class;

F. Appoint Plaintiff's counsel as counsel for the Nationwide Collective and the New Jersey Class;

G. Declare that Persante violated the FLSA, NJWHL, NJWPL, and, in the alternative, CEPA as alleged;

H. Award Plaintiff and the Nationwide Collective Members who opt in all unpaid overtime compensation proven under the FLSA, and award Plaintiff and the New Jersey Class all unpaid overtime compensation proven under the NJWHL, without duplicative recovery;

I. Award liquidated damages under the FLSA to the extent authorized by 29 U.S.C. § 216(b);

J. Award Plaintiff and the New Jersey Class liquidated damages of up to 200 percent under the NJWHL, without duplicative recovery;

K. Award Plaintiff back pay, lost wages, lost benefits, reinstatement or front pay where appropriate, corrective relief, and all other damages authorized for retaliation under the FLSA, NJWHL, NJWPL, and, in the alternative, CEPA, including compensatory damages for emotional distress and punitive damages where authorized, without duplicative recovery;

L. Award reasonable attorneys' fees and costs under the FLSA, NJWHL, NJWPL, and CEPA;

M. Award pre-judgment and post-judgment interest to the extent permitted by law; and

N. Grant such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Pursuant to U.S. Const. amend. VII and Fed. R. Civ. P. 38, 39, Plaintiff demands a trial by jury on all issues so triable, individually, on behalf of the Nationwide Collective under 29 U.S.C. § 216(b), and on behalf of the putative New Jersey Class under Fed. R. Civ. P. 23.

Respectfully submitted,

Dated: August 5, 2026

**BROWN, LLC**

*/s/ Achchana Ranasinghe*
Achchana Ranasinghe (087282014)
Nicholas Conlon (034052013)
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000 | F: (855) 582-5297
ac@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Attorneys for Plaintiff*